IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAFAEL ANTONIO CONCHA,           §
                                 §
          Petitioner,            §
                                 §
V.                               §          No. 3:25-cv-3496-L-BN
                                 §
KRISTI NOEM, Secretary, U.S.     §
Department of Homeland Security, §
ET AL.,                          §
                                 §
          Respondents.           §

**<u>MEMORANDUM OPINION AND ORDER TRANSFERRING CASE</u>**

Petitioner Rafael Antonio Concha, currently detained by U.S. Immigration and
Customs Enforcement ("ICE") at the Eden Detention Center, in Eden, Texas, filed
with the assistance of counsel and in the Dallas Division of this district an application
for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a temporary
restraining order ("TRO") and/or preliminary injunction. *See* Dkt. Nos. 1 & 2.

Petitioner paid the applicable filing fee. And United States District Judge Sam
A. Lindsay referred this matter to the undersigned United States magistrate judge
for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Petitioner asserts that venue is proper in Dallas

pursuant to 28 U.S.C. § 1391(e) because Respondents are employees or
officers of the United States acting in their official capacity and because
a substantial part of the events or omissions giving rise to the claim
occurred in the Northern District of Texas. Petitioner is under the
jurisdiction of ICE's Dallas Field Office in Dallas, Texas, where Josh
Johnson, the Dallas Field Office Director who is Petitioner's immediate
custodian, is permanently located, and [Petitioner] is currently detained
in Eden, Texas, at the Eden Detention Center.

Dkt. No. 1, ¶¶ 11.

As to venue, as Petitioner alleges, he was detained in Eden, Texas at the time that this case was filed. And, while Eden, Texas is in the Northern District of Texas, it is also within Concho County, which is in the San Angelo Division of this district. *See* 28 U.S.C. § 124(a)(4).

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

The undersigned's survey of recent immigration habeas cases, undertaken in a similarly postured action, revealed that "the immediate-custodian rule is alive and well." *Aguilar v. Johnson*, No. 3:25-cv-1904-K-BN, 2025 WL 2099201, at *1-*2 (N.D. Tex. July 25, 2025) (collecting cases).

Petitioner's allegation that his immediate custodian is a supervisory official in Dallas because Petitioner "is under the jurisdiction of ICE's Dallas Field Office" is a conclusion that is not otherwise supported by the record before the Court or consistent with the applicable caselaw.

And Petitioner cites no authority to support or otherwise show that it would be appropriate to not apply the established immediate-custodian rule to this case.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).").

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

And, so, because Petitioner was physically detained at an ICE facility in Concho County, in the San Angelo Division of this judicial district, when this case was filed and considering that Petitioner has filed a TRO and the nature of the habeas claims, including that Petitioner's detention by immigration authorities without a

bond hearing violates both the Immigration and Nationality Act and constitutional protections, the Court will immediately transfer this habeas action to San Angelo Division of the Northern District of Texas under Sections 1406(a) and 1631.

SO ORDERED.

DATED: December 22, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE